IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:21-cr-0012 |
| | ) |
| IFEOMA INNEH, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

**BEFORE THE COURT** is Defendant Ifeoma Inneh's ("Inneh") unopposed motion to continue the trial in this matter. (ECF No. 47.) For the reasons stated herein, the Court will grant the motion. The time to try this case is extended up to and including August 15, 2022.

On January 27, 2022, the Inneh filed her unopposed motion to continue and exclude time under the speedy trial act. In the motion, Inneh states that she and the United States "continue to discuss resolutions of this matter short of trial." *Id.* at 1. Inneh also cites an "ancillary immigration issue that is currently a factor in these discussions." *Id.* Finally, Inneh asserts her hesitance to travel in light of the ongoing COVID-19 pandemic. *Id.* Inneh has executed and filed a speedy trial waiver with the Court. *See* ECF No. 46.

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Here, an extension of time is necessary to allow Inneh time to participate in plea negotiations with the United States.

Consistent with this concern, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); cf. *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give

*United States v. Inneh*
Case No.: 3:21-cr-0012
Order
Page 2 of 2

counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994) (finding that the district court had properly granted an "ends of justice" continuance to "permit plea negotiations to continue").

The premises considered, it is hereby

**ORDERED** that the Defendant's Motion to Continue, ECF No. 47, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through August 15, 2022, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later August 8, 2022, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than August 20, 2022;[1] and it is further

**ORDERED** that the jury selection and trial in this matter **SHALL** commence promptly at 9:30 on August 15, 2022 in St. Thomas Courtroom 1.

**Dated:** January 28, 2022            */s/ Robert A. Molloy*
                                                       **ROBERT A. MOLLOY**
                                                       **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.