DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21-cr-0012 |
| ) | |
| IFEOMA INNEH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### ORDER

**BEFORE THE COURT** is Defendant Ifeoma Inneh's ("Inneh") unopposed motion to continue the trial in this matter. (ECF No. 55.) For the reasons stated herein, the Court will grant the motion. The time to try this case is extended up to and including January 23, 2023.

On August 4, 2022, the Inneh filed her unopposed motion to continue the trial in this matter. In the motion, Inneh states that she and the United States are "in the final stages of entering into a plea agreement" to a separate Information. *Id.* at 1. Inneh seeks a continuance so that the United States may file its separate Information and so that the Parties may complete the necessary requirements for the plea agreement. *Id.* Additionally, "the parties have agreed that this motion tolls any speedy trial clock in this matter and the time between this motion and any new trial date is 'excludable time.'" *Id.*

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Here, an extension of time is necessary to allow Inneh time to participate in plea negotiations with the United States.

Consistent with this concern, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Field*s, 39 F.3d 439, 444 (3d Cir. 1994) (finding that the district court had properly granted an "ends of justice" continuance to "permit plea negotiations to continue"); cf. *United States v. Dota*, 33

*United States v. Inneh*
Case No.: 3:21-cr-0012
Order
Page 2 of 2

F.3d 1179(9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'").

The premises considered, it is hereby

**ORDERED** that the Defendant's Unopposed Motion to Continue, ECF No. 55, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through January 23, 2022, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later January 16, 2023, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than January 18, 2023;[1] and it is further

**ORDERED** that the Jury Selection and Trial in this matter **SHALL** commence promptly at 9:00 on January 23, 2023, in St. Thomas Courtroom 1.

**Dated:** August 8, 2022        /s/ *Robert A. Molloy*
                                **ROBERT A. MOLLOY**
                                **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.